UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**WEST VIRGINIA DEPARTMENT OF
TRANSPORTATION, DIVISION OF
HIGHWAYS, a Public Corporation,
and PAUL A. MATTOX, JR. P. E.,
SECRETARY/COMMISSIONER OF
HIGHWAYS,**

      Petitioners,

v.

**VIRGINIA ELECTRIC AND
POWER COMPANY, et al.,**

      Defendants/Respondents.

Civil Action Nos. 2:10-cv-141
2:10-cv-142
2:10-cv-143
2:10-cv-144
2:11-cv-3

## ORDER GRANTING DEFENDANT'S MOTIONS TO CONSOLIDATE CIVIL ACTIONS

Pending before this Court are Defendant's Motion(s) to Consolidate Civil Actions, filed in each of the above-styled civil actions [Doc. 7 in all cases]. The defendants move to consolidate the above five cases pursuant to Federal Rule of Civil Procedure 42(a).

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Further, "[d]istrict courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district." *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). Consolidation of cases involving common questions of law or fact serves the

1

interest of judicial economy and conserves the parties' resources. See *Vortekx, Inc. v. IAS Commc'n, Inc.*, 72 F. Supp. 2d 638, 640 (N.D. W. Va. 1999).

In these cases, the plaintiffs seek to condemn property owned by VEPCO which encompasses facilities of and/or access to interstate, high-voltage electric transmission lines operated by VEPCO that transmits electric energy in interstate commerce from Mt. Storm, West Virginia to Doubs, Maryland. In each of the matters, the plaintiffs seek to condemn the described property as part of their construction of Corridor H through Grant County and Tucker County, West Virginia. The defendants represent that the same legal questions will arise and be controlling in each of these matters, as the plaintiffs seek to enforce West Virginia state law condemnation proceedings against VEPCO and its properties, which are federally regulated and subject to federal law.

After careful review of the above, it is the opinion of this Court that the Defendant's Motion(s) to Consolidate Civil Actions **[Doc. 7 in all cases]** should be, and the same are, hereby **GRANTED**. Accordingly, the above-styled civil actions are hereby **ORDERED CONSOLIDATED**, with the lead case to be designated as 2:10-CV-141.

As a final matter, this Court notes that a First Order and Notice Regarding Discovery and Scheduling has been entered in each of the above cases. In light of the above ruling, this Court hereby **VACATES** all such Orders **[Doc. 6 in all cases]** in the above cases, with the exception of that contained in the lead case, 2:10-CV-141 [Doc. 6]. Accordingly, the Scheduling Conference for these consolidated matters will be held on February 25, 2011, at 10:00 a.m.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 19, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE